Case 09-16950   Filed 12/23/09   Doc 57

2009-16950
FILED
December 23, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002296913

3

LEONARD K. WELSH, CSB NO. 097954
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
lwelsh@kleinlaw.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SCOTT LANE SHACKLETT and<br>GALE MARIE SHACKLETT,<br><br>Debtors. | Case No.  09-16950-A-12<br>Chapter  12<br>DC No.  KDG-2<br><br>Date:     December 17, 2009<br>Time:    10:00 a.m.<br>Place:    Bankruptcy Court<br>            1300 18th Street, First Floor<br>            Bakersfield, California<br>Judge:   Honorable Whitney Rimel |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW REGARDING
CONFIRMATION OF CHAPTER 12 PLAN**

Confirmation of the Chapter 12 Plan filed by SCOTT LANE SHACKLETT and GALE MARIE SHACKLETT ("Debtors") on October 26, 2009 ("the Chapter 12 Plan") came on for hearing before the Honorable Whitney Rimel, Bankruptcy Judge, on December 17, 2009. Leonard K. Welsh, Attorney at Law, appeared for Debtors and M. Nelson Enmark, Attorney at Law, appeared by telephone as the Chapter 12 Trustee. No other appearances were made at the hearing on confirmation of the Plan.

After considering (1) the representations of counsel and the Chapter 12 Trustee, and (2) the papers on file herein including the Chapter 12 Plan,

**FINDINGS OF FACT**

The Court finds that:

1.  the Chapter 12 Plan was served on all creditors, parties in interest, or other entities whose rights are effected by the Chapter 12 Plan;

RECEIVED
December 18, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002296913

2. due and proper notice of hearing on confirmation of the Chapter 12 Plan has been given to Debtors, the Chapter 12 Trustee, the United States Trustee, all creditors, and parties requesting special notice;

3. the Chapter 12 Plan meets the requirements of 11 USC Section 1222;

4. the Chapter 12 Plan complies with the provisions of Chapter 12 and other applicable provisions of Title 11;

5. any fee, charge, or amount required under Chapter 123 of Title 28, or by the Chapter 12 Plan, to be paid before confirmation has been paid;

6. the Chapter 12 Plan has been proposed in good faith and not by any means forbidden by law;

7. the value of the property, as of the effective date of the Chapter 12 Plan, to be distributed under the Chapter 12 Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claims if the estate of Debtors was liquidated under Chapter 7 on such date;

8. with respect to each allowed secured claim provided for by the Chapter 12 Plan–

    (A) the holder of such claim has accepted the Chapter 12 Plan;

    (B)(i) the Chapter 12 Plan provides that the holder of such claim shall retain the lien securing its claim, and

        (ii) the value as of the effective date of the Chapter 12 Plan on account of such claim is not less than the amount of such claim; or

    (C) Debtors shall surrender the property securing such claim to such holder;

9. Debtors will be able to make all payments under the Chapter 12 Plan and comply with the Chapter 12 Plan; and

10. Debtors are not required by a judicial or administrative order, or by statute, to pay a "Domestic Support Obligation" as defined in 11 USC Section 101(14A).

## CONCLUSIONS OF LAW

Based on the findings of the Court described above,

1. the Court finds that the Chapter 12 Plan should be confirmed, and

2. Debtors should submit a proposed form of Order Confirming Chapter 12 Plan to the Court consistent with these Findings of Fact and Conclusions of Law.

Dated:

Dec 23, 2009

*[signature]*
United States Bankruptcy Judge

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93